

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL K. KUSAK,

        Plaintiff,

  -v-

NICHOLAS P. KEIL,

        Defendant.

DECISION AND ORDER
13-CV-6469-FPG

---

Plaintiff Paul Kusak, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging the Defendant violated his constitutional rights by falsely arresting him.

By Decision and Order dated October 7, 2013, the Court analyzed Plaintiff's false arrest claim and stated that:

> In order for the Court to screen the plaintiff's claim of false arrest it needs to know the status of the criminal proceedings. Plaintiff is directed to file an amended complaint that states if he was arraigned after arrest, and if so, the charges he was arraigned on. Further, the amended complaint must include information of any further legal proceedings regarding the instant charges, including, whether plaintiff has been convicted. If plaintiff has been convicted, the amended complaint should include the charges the plaintiff was convicted of, and should also state if he entered a plea of guilty. If plaintiff has been convicted and filed an appeal, the amended complaint should advise the Court that an appeal has been filed and the status of the appeal.

Dkt. # 4.

The October 7, 2013 Order further warned the Plaintiff that if he did not file an amended complaint by November 8, 2013 that included the information he was directed to provide, that the action would be dismissed with prejudice.

On October 16, 2013 and October 22, 2013, the Plaintiff filed two separate documents that were both docketed as "Amended Complaint." Dkt. ## 5, 6. Plaintiff also submitted several other letters, which were also docketed.

The filings were largely unresponsive to the Court's prior Order, and the only information that was partially responsive was a single sentence in one filing that stated "I have been convicted of no charges at this time." Dkt. # 6. Because the issues raised previously by the Court were not addressed by Plaintiff, he was directed, for the second time, to file a second amended complaint to address his claim of false arrest only. That Order, dated March 26, 2014, stated the following:

> The Court will provide plaintiff with one additional opportunity to file another amended complaint, which is to be labeled "Second Amended Complaint." The Second Amended Complaint may only include information pertaining to his claim of false arrest, and should include information indicating what legal process took place after the arrest. **Plaintiff should include the following information in his Second Amended Complaint: the criminal charges that were the basis for the arrest; if he was arraigned on the charges; if any other legal process has taken place; if charges are still pending and if so, what are the pending charges; and if charges [] been dismissed what charges have been dismissed. Further, in his second amended complaint, plaintiff should state when each of these events took place.**

Dkt. # 11. (Emphasis in original).

The Plaintiff was given until April 30, 2014 to file a second amended complaint that complied with the Court's Order. He was also warned that if he failed to file a second amended complaint as directed above by April 30, 2014, his case would be dismissed without further leave to amend his Complaint. Dkt. # 11.

Rather than following that Order, the Plaintiff responded by filing what he called a Second Amended Complaint that failed to address any of the points raised by the Court.

2

Instead, he filed some 24 letters, many of which are nonsensical. For example, his letter filed August 8, 2014 states that "On the evening of August 5, 2014 my Hostile Takeover Bid of Verizon Wireless with sole ownership was sitting on the desk of the United States President twenty four hours around the clock for approval. That evening I was illegally arrested for no reason from NY State Storm Troopers as ordered from CEO Lowell McAdam [of Verizon Wireless], David Small, Eileen Creeden, John Schwarm and Samuel Lambadola. The reason also is sole ownership of Verizon Wireless with merits of relief sought. This has to be investigated per the President of the United States." Dkt. # 18. That same letter also asserts that the Plaintiff has "been working deep cover for the US presidential Team for more than seven years now." *Id.* Putting aside the factually frivolous nature of these statements, this case – which alleged that the Plaintiff was illegally arrested after a traffic stop for driving while intoxicated after a concert – has absolutely nothing to do with Verizon Wireless or the President of the United States.

While the Plaintiff has submitted many nonsensical and frivolous statements such as these, the simple fact is that he still has not provided the information that he was directed to provide in the Court's prior Orders. Instead of complying with the basic directives of this Court, he instead provided the same information that was provided earlier, ignored the Court's directives, and provided large quantities of irrelevant and dubious information.

Because the Plaintiff has failed to comply with the Court's previous Orders, and because his failure to provide the requested information does not allow the Court to determine if Plaintiff's claim for false arrest has accrued, for the reasons stated in the Court's

prior Order of March 26, 2014, Plaintiff's claim is dismissed without prejudice for failure to state a claim.[1]

## CONCLUSION

For the foregoing reasons, this case is dismissed without prejudice for failure to state a claim under 28 U.S.C. 1915(e)(2)(B), and the Plaintiff is prohibited from filing in this case any further papers not specifically allowed by the Federal Rules of Civil Procedure.[2]

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 2, 2015
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

---

[1] The Court notes that prior cases filed by Plaintiff have also been dismissed for failure to provide information requested by Court Orders. *See* 13-CV-6615G (failure to show cause why the complaint should not be dismissed as filed beyond the statute of limitations); and 12-CV-6314G (failure to show cause as to why the case should not be dismissed for failure to prosecute). Due to his repetitive and frivolous filings, the Plaintiff is currently the subject of a leave-to-file sanction. *See* 14-CV-6372G, Dkt. # 12, entered September 19, 2014.

[2] The Court's March 26, 2014 Order directed plaintiff "to refrain from mailing multiple documents to the Court that are not responsive" to the Order. Plaintiff failed to take the Court's direction. *See* case numbers 14-CV-6372G, 14-CV-6478G, 14-CV-6524G, 12-CV-6314G for similar Order issued September 30, 2014, on Plaintiff's cases.